J-S07040-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CRAIG LAVOY POUST | : | |
| | : | |
| Appellant | : | No. 1302 MDA 2018 |

Appeal from the Judgment of Sentence Entered March 5, 2018
In the Court of Common Pleas of Snyder County Criminal Division at
No(s): CP-55-CR-0000019-2017

BEFORE: OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

DISSENTING MEMORANDUM BY PELLEGRINI, J.: **FILED: MAY 24, 2019**

Among other charges, Craig Lavoy Poust (Poust) was convicted of Rape, Involuntary Deviate Sexual Intercourse, Aggravated Indecent Assault, Indecent Assault, and Conspiracy to Commit Indecent Assault. To make out those crimes, the Commonwealth was required to establish that Poust "substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance." *See* 18 Pa.C.S.A. §§ 3121(a)(4), 3123(a)(4), 3125(a)(5), and 3126(a)(5).

Just because a person lacks a moral center that does not excuse the Commonwealth from presenting sufficient evidence that Poust committed the

_____
* Retired Senior Judge assigned to the Superior Court.

crimes with which he was charged. Like the trial judge,[1] I would hold that the Commonwealth failed to present sufficient evidence that Poust engaged in sexual activity with C.H. without her consent. Accordingly, I respectfully dissent.

**I.**

At the trial in 2018, C.H. testified that she would go to the Pousts' home for parties in 2012 where they would give her alcohol and marijuana. She would often play drinking games with the Pousts and another female, J.C., who was 18 years old at the time. C.H. testified that she would sometimes pass out while partying with the Pousts. She testified that she had sexual intercourse with Poust on multiple occasions. When she would get extremely intoxicated, Poust would have vaginal and oral sex with her or Pamela Poust, Poust's wife, who would perform oral sex on her. C.H. believed that something had been mixed into her alcohol or marijuana to lower her resistance. When asked why she came to this belief, C.H. stated that she had drunk alcohol and smoked marijuana before meeting the Pousts but felt different each time she did it with them, stating that, "[w]hen I would drink or smoke with [the

---

[1] Because the trial court failed to address Poust's post-trial motion in a timely manner, the motion is deemed denied by operation of law. The clerk of courts then enters an order denying the motion on behalf of the trial court. *See* Pa.R.Crim.P. 720(B)(3)(c). However, in its Pa.R.A.P. 1925(a) opinion, the trial court found that the Commonwealth did not present sufficient evidence that Poust gave a drug or intoxicant to C.H. without her knowledge. Additionally, the court found that there was an insufficient factual basis for the Corruption of Minors convictions.

Pousts], I would basically feel like I had no control over what I was doing. I kind-of felt like a puppet." N.T., 1/23/18, at 98.

J.C. testified that she went to the Pousts' home about three times in 2012. One time, she played a drinking game with the Pousts and C.H. During the game, J.C. accepted a drink from Poust but did not remember anything after drinking it. When she awoke the next morning, she was naked in bed with Pamela Poust while C.H. and Poust were asleep on the floor. When asked about the drink given to her, J.C. said it made her more intoxicated than it should have based on what she had to drink that night and her prior experiences being drunk.

Pamela Poust also testified for the Commonwealth.[2] She confirmed that when C.H. and J.C. came to the house, both she and Poust gave them alcohol. She admitted that Poust had Xanax in the house but never saw him put anything in either C.H. or J.C.'s alcohol. Poust's wife testified that she had also blacked out after drinking with her husband and would not be surprised if "he put something in [her] drink in addition to the other girls."

The majority finds "[t]his collective testimony was sufficient to prove that Poust gave C.H. drugs, intoxicants, or other means for the purpose of preventing her resistance." Majority Slip Opinion at 4. I disagree because the

---

[2] Before trial, Pamela Poust pleaded guilty to Corruption of Minors and Conspiracy (both reduced to first-degree misdemeanors) in exchange for testifying against Poust.

testimony is insufficient to establish that Poust gave C.H. any drugs without her knowledge or that, even if he had, it was not established that she did not consent to the sexual activity.

**II.**

**A.**

To make out the claim that she was given drugs without her knowledge that prevented her resistance or consent to have sex, a minimal foundation was required to be laid that C.H. was familiar with the intoxicating effects of alcohol and marijuana (rather than she had just tried them before) and why her experiences at the parties were so radically different. Other than establishing that she had experience with alcohol and marijuana, there was no testimony about how much or how often she had previously used alcohol or marijuana or her familiarity with their intoxicating effects, or the effect when she consumed them in combination. Regarding what occurred at the "parties," there was no testimony about how much alcohol she drank; how quickly it was ingested; what kind of alcohol it was (beer, liquor or mixed drinks); what physical effects it produced; if Poust served it to her in an open container or whether the marijuana she ingested was more potent than the marijuana that she previously used.

Instead, the Commonwealth relied on C.H.'s conclusory statements that she sometimes felt her judgment was altered and she "felt" she had no control of her actions. However, those conclusory statements would be consistent

with her intoxication being caused by the alcohol, marijuana or a combination of the two.

The same analysis is equally applicable to J.C.'s testimony about the night she blacked out. Both C.H. and J.C. testified to playing drinking games with Poust and drinking alcohol given to them by him. However, whereas J.C. testified to immediately losing consciousness, C.H. never testified to that happening to her. Even when considering C.H.'s testimony together with that of J.C., any conclusion that Poust drugged C.H. without her knowledge again remains too speculative.

The majority also finds that Pamela Poust's testimony supports C.H.'s belief about being drugged. Pamela Poust testified that Poust controlled the drinks but never saw him put anything in them. The Commonwealth argues that her never seeing Poust put anything in the drinks "is not evidence that [Poust] didn't do it." Commonwealth Brief, at 13. Of course, it is also not evidence that Poust did do it. Moreover, her testimony that she would not be surprised if Poust put something in the drink is also not evidence that he did. No attempt was made to explain the effects of Xanax, the only other drug she testified was available.

To make out that drugs were administered that altered C.H.'s judgment, there needed to be evidence that her intoxication was caused by something other than the alcohol and drugs she voluntarily sought and consumed. Particularly apt here is the following principle that:

When two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a jury must not be permitted to guess which inference it will adopt, especially when one of the two guesses may result in depriving a defendant of his life or his liberty.

*Commonwealth v. Hubbard*, 372 A.2d 687, 692 (Pa. 1977) (quoting *Commonwealth v. Woong Knee New*, 47 A.2d 450, 468 (Pa. 1946)).[3] In the absence of a foundation, C.H.'s opinion that they had been drugged was conjecture and insufficient to allow the jury to infer that Poust gave her a drug or other substance without her knowledge.

**B.**

Even if we assume that Poust placed something in her drink, to make out the charged crimes it had to be established that C.H. was substantially impaired so as not have control over her conduct. Ignoring that the effects that she described may be inferred for the drugs and alcohol she admits that she voluntarily consumed, C.H. testified that, even after she felt that her judgment was altered, she still went back again and again to "party" –

_____

[3] Our Supreme Court recently analyzed this principle and reaffirmed its applicability to sufficiency review:

[I]f the trial evidence of record viewed in the light most favorable to the Commonwealth and all reasonable inferences drawn from that evidence is only, at most, equally consistent with a defendant's innocence as it is with his guilt, the Commonwealth has not sustained its burden of proving the defendant's guilt beyond a reasonable doubt.

*In the Interest of J.B.*, 189 A.3d 390, 415 (Pa. 2018).

consuming alcohol, smoking marijuana, and to have sex. In such circumstance because she went to "party" knowing full well that she was going engage in sexual activity that makes that sex consensual.

After reviewing the evidence in the light most favorable to the Commonwealth, I am compelled to find that the jury invalidly concluded that C.H. was drugged by Poust. In the words of **Hubbard**, a finding that (1) C.H. was impaired by alcohol, marijuana or its combined effects, and/or (2) Poust drugged C.H. without her knowledge are mutually inconsistent but equally reasonable to infer. Moreover, given that she went back to party and have sex after she felt that she was impaired, makes the sex consensual. Accordingly, because I would discharge all the convictions where the consent was at issue, I respectfully dissent.[4]

_____

[4] In its count for Corruption of Minors in the criminal information, the Commonwealth chose to simply track the statutory language of the offense rather than specify what specific offenses or acts Poust committed in violation of Chapter 31 of the Crimes Code. Consistent with the criminal information, the trial court's charge instructed the jury that in order to convict Poust of Corruption of Minors, it would need to find that Poust corrupted or intended to corrupt the morals of C.H. by committing the underlying offense of Rape, IDSI, Aggravated Indecent Assault or Indecent Assault. **See** N.T., 1/23/18, at 155. Because I would hold that there is insufficient evidence to make out the sexual offenses, it follows that there was insufficient evidence for the Corruption of Minors and Conspiracy convictions.

However, I would find that the evidence was sufficient to support a conviction for the offense of Corruption of Minors (and Conspiracy) graded as a misdemeanor under 18 Pa.C.S. § 6301(a)(1)(ii) because consent is immaterial and there is no requirement of any underlying criminal activity.